■ Alexander Kudinov et al., Plaintiffs, v Kel-Tech Construction Inc., Appellant, et al., Defendants. Virginia & Ambinder, LLP, Nonparty Respondent. [976 NYS2d 874]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered August 1, 2012, which, after a hearing, granted the application of nonparty respondent Virginia & Ambinder, LLP (class counsel) for attorneys' fees in the amount of $200,000, unanimously affirmed, with costs.

The evidence adduced at the hearing established that class counsel was qualified to represent the class claimants, that the billable rates charged by class counsel were reasonable and customary, and that the class actions had asserted non-frivolous claims which, overall, achieved favorable results. In arriving at its determination, the hearing court properly considered the adequacy of class counsel's proof of billable time expended, the nature and extent of the legal work attested to, the necessity of the work claimed to have been performed, and the value of such work expended (*see Nager v Teachers' Retirement Sys. of City of N.Y.*, 57 AD3d 389 [1st Dept 2008], *lv denied* 13 NY3d 702

[2009]; *see also Goldberger v Integrated Resources, Inc.*, 209 F3d 43 [2d Cir 2000]).

The overall extent of the litigation, including four appeals, 14 motions, lengthy discovery, and many court conferences and settlement discussions, involved appreciable time expended by class counsel that was necessary for accomplishing the goals of the class action, and warranted fees in the "capped" amount of $200,000. Indeed, as observed by the hearing court, the evidence showed that absent the parties' settlement agreement to, inter alia, cap legal fees, class counsel's proof actually established entitlement to fees well in excess of $200,000. Concur— Mazzarelli, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Feinman, JJ.